SANDERS LAW, PLLC
Craig B. Sanders, Esq. (284397)
100 Garden City Plaza, Suite 500
Garden City, NY  11530
Telephone:  (516) 203-7600
csanders@sanderslawpllc.com
*Attorneys for Defendant*
*Barcroft Media, LTD.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY WERNER,<br><br>             Plaintiff,<br><br>     vs.<br><br>BARCROFT MEDIA, LTD AND VALNET, INC.,<br><br>             Defendants. | Case No.: No. 2:17-cv-02644-JFW-AS<br><br>**DECLARATION OF CRAIG B. SANDERS**<br><br>**Action Filed**: April 6, 2017 |

CRAIG B. SANDERS, declares and states:

1. I am a member of SANDERS LAW, PLLC, attorneys for Defendant Barcroft Media, Ltd. in the above-captioned action.  For the reasons set forth herein, I submit this Declaration in support of the parties' joint request to allow for the meet and confer Ordered by Your Honor [Dkt. 19] to be held by telephone in lieu of conducting same in person.

2. The primary reason for this request, and as is set forth more fully herein, prior to filing Barcroft's motion to dismiss, engaged in extensive discussions and exchanges, by regular mail, email and telephone.  These

---

discussions included the exchange of informal discovery and spanned in excess of two (2) months, for the sole purpose of avoiding what became a necessary motion.

3. Plaintiff commenced this action upon the filing of a Complaint with this Court on April 6, 2017 [Dkt. No. 1]

4. Upon receipt of the Complaint, on or about April 26, 2017, I initiated a telephone call to counsel for the Plaintiff, to negotiate an enlargement of time for Barcroft to answer the Complaint for the purposes of discussing a potential resolution of this case.

5. On or about May 1, 2017, Barcroft executed a Rule 4 waiver of service of the Summons and same was filed with the Court [Dkt. No. 12].

6. Over the next sixty (60) days, counsel for Plaintiff and I had numerous exchanges, including letter correspondence, email correspondence as well as substantive telephone conversations concerning the parties' respective claims and defenses and settlement

7. During these exchanges we presented legal and factual arguments in which we stated our belief that neither the facts nor the law supported the claims asserted by Plaintiff as against Barcroft.  While counsel for Plaintiff initially disagreed with the foregoing contentions, counsel remained willing to have a continued dialogue on the subject.

8. On or about June 21, 2017, I sent a detailed letter to Plaintiff's counsel outlining the specific legal arguments in support of Barcroft's position, arguing that the Complaint failed to state a claim for secondary copyright infringement since the alleged direct infringement by Valnet occurred prior to Barcroft's initial interactions with Valnet and the present case law does not support an accessory-after-the-fact secondary copyright liability.

9. Following this letter exchange, I spoke with counsel for the Plaintiff several telephone times regarding the position espoused by Barcroft in my letter

10. During these conversations, counsel for Plaintiff maintained his disagreement with Barcroft's assessment, but nonetheless requested that Barcroft provide the documents which Barcroft averred supported its position.

11. In order to facilitate this pre-discovery exchange, counsel for the parties negotiated a Stipulation further extending Barcroft's time to Answer the Complaint for the express purpose of having continued settlement discussions. The Court "So Ordered" the Stipulation enlarging time to Answer on July 6, 2017 [Dkt. 15].

12. In furtherance of the parties' efforts to resolve without the need for motion practice, Counsel for Barcroft provided confidential, pre-answer and pre-discovery documents to counsel for Plaintiff. This exchange triggered further telephone, email and written correspondence. Following the conversations, correspondence and pre-discovery exchanges described above, the parties were unable to resolve this case.

13. The reason for the parties' disagreement is that it remains Barcroft's position that the Complaint fails to state a claim upon which relief can be granted on the grounds that the Complaint acknowledges that Barcroft did not have any relationship with Defendant Valnet, Inc., until after the time(s) it is alleged that Valnet had directly infringed on Plaintiff's copyrights.

14. On July 24, 2017 counsel for Plaintiff sent a detailed letter in which he stated that it remained Plaintiff's position that the alleged licensing agreement(s) between Barcroft and Valnet provide sufficient grounds for liability as against Barcroft and outlined Plaintiff's legal arguments in that regard.

15. On July 31, 2017 Barcroft filed a pre-answer motion to dismiss the Complaint [Dkt. 18].

16. On August 1, 2017 the Court issued an Order striking the motion by reason of the parties' failure to have complied with Paragraph 5(b) of this Court's

Standing Order directed the parties to meet and confer in person with respect to Barcroft's motion to dismiss [Dkt. 19].

17. As is hopefully apparent by the above-listed timeline, the parties have discussed this matter exhaustively – including engaging in pre-answer discovery exchanges – and have agreed that there remains a fundamental disagreement over the law governing this matter. As the parties' disagreement is almost entirely one of law, and not one of fact, the only viable resolution was to have the Court adjudicate those questions of law.

18. While I fully acknowledge that there was a failure to abide by Paragraph 5(b) of this Court's Standing Order prior to Barcroft's filing of its motion, I respectfully submit that we had complied substantively, albeit not procedurally, with Your Honor's Order.

19. Concerning a meet and confer in person as was ordered by Your Honor, counsel for the Defendant Barcroft would incur substantial travel costs in traveling from New York to meet and confer in person. Further, since the parties have already had numerous telephone conversations, written correspondence and conducted limited pre-motion discovery over the past 90 days, it is unlikely that the parties' respective positions will change from that set forth in their respective letters and communications to each other. For this reason, and in order to avoid the costs associated with travel, and with the Plaintiff's consent per the attached stipulation, I respectfully request that the Court allow the parties to comply with its Order dated August 1, 2017 [Dkt. 19] by meeting and conferring by telephone.

Dated: August 1, 2017          SANDERS LAW, PLLC

/s/ Craig B. Sanders
Craig B. Sanders
*Attorneys for Defendant*
*Barcroft Media, Ltd*