SANDERS LAW, PLLC
Craig B. Sanders, Esq. (Cal Bar. No. 284397)
 csanders@sanderslawpllc.com
Jonathan Cader (*pro hac vice* application forthcoming)
 jcader@sanderslawpllc.com
100 Garden City Plaza, Suite 500
Garden City, NY  11530
Telephone:  (516) 203-7600
Facsimile:   (516) 281-7601
*Attorneys for Defendant Barcroft Media, Ltd.*

FAYER GIPSON LLP
ELLIOT B. GIPSON (State Bar. No. 234020)
 EGipson@fayergipson.com
STEVEN G. EDWARDS (State Bar No. 304165)
 SEdwards@fayergipson.com
2029 Century Park East, Suite 3535
Los Angeles, California 90067
Telephone: (310) 557-3558
Facsimile: (310) 557-3589
*Attorneys for Plaintiff Jeffery R. Werner*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| JEFFREY WERNER, an individual<br><br>  Plaintiff,<br><br>vs.<br><br>BARCROFT MEDIA, LTD., a United Kingdom Limited Company; VALNET, INC., a Canadian Corporation; and DOES 1-10, inclusive,<br><br>  Defendants. | Case No.: 2:17-cv-02644-JFW-AS<br><br>Hon. John F. Walter<br><br>**JOINT STATEMENT RE: LOCAL RULE 7-3 CONFERENCE FOR MOTION TO DISMISS** |

Defendant Barcroft Media, Ltd. ("*Barcroft*" or "*Defendant*") and Plaintiff Jeffery Werner ("*Werner*" or "*Plaintiff*") submit the following joint statement in accordance with Local Rule 7-3 and Rule 5(b) of Your Honor's Standing Order [Dkt. 10] in advance of Barcroft's motion to dismiss Plaintiff's First Amended Complaint (the "*FAC*") [Dkt. 39].

Plaintiff commenced this action by filing a Complaint with this Court on April 6, 2017 [Dkt. 1] against Barcroft and Defendant Valnet, Inc. ("*Valnet*"), alleging various copyright infringement claims. More specifically, Plaintiff's Complaint alleged claims of direct copyright infringement as against Valnet (First Claim for Relief) and claims of contributory and vicarious copyright infringement against Barcroft (Second and Third Claims for Relief, respectively). On August 15, 2017, Barcroft filed a pre-answer motion to dismiss the claims against it pursuant to Fed. R. Civ. Pro. 12(b)(6) [Dkt. 30, *et seq.*]. In its motion, Barcroft argued that Plaintiff had not alleged enough facts to support either theory of relief as against Barcroft. On August 28, 2017, Plaintiff filed Opposition to Barcroft's motion [Dkt. 32] and, on September 5, 2017, Barcroft filed a Reply [Dkt. 33].

On September 14, 2017, the Court issued an Order granting Barcroft's motion to dismiss [Dkt. 38]. In its Order, the Court found that Plaintiff had failed to state a claim against Barcroft for secondary infringement insofar as Plaintiff's timeline was vague and incomplete and, regardless, alleged that Valnet directly infringed Plaintiff's copyrights before Barcroft entered into the alleged retroactive license with Valnet [Id.]. As a result, the Court found that there were no allegations demonstrating that Barcroft took any affirmative action to encourage Valnet's initial infringement or that there was in fact separate and distinct infringement by Valnet that occurred after Barcroft and Valnet entered into the retroactive license [Id.]. The Court similarly found that

Plaintiff's allegations regarding the existence of the license agreement, without any additional facts, were inadequate to support Plaintiff's vicarious infringement claim [Id.].

Upon dismissing the Complaint as against Barcroft, the Court granted Plaintiff leave to file an amended Complaint, even though the Court stated its concern that Plaintiff would be unable to cure the defects in any amendment [Id.]. On September 25, 2017, Plaintiff filed the FAC with this Court [Dkt. 39]. The FAC retains the two causes of action for contributory and vicarious infringement as against Barcroft, and adds two (2) additional causes of action— one for breach of fiduciary duty (Fourth Claim for Relief) and one for Money Had and Received (Fifth Claim for Relief) [see id.].

On September 28, 2017 the parties held a telephonic meet-and-confer pursuant to Local Rule 7-3 and Rule 5(b) of Your Honor's individual practice rules to discuss Barcroft's intention to file another motion to dismiss. The conference of counsel was via telephone, and lasted approximately 30 minutes. The participants in the conversation were Elliott Gipson, Esq. (lead counsel for Plaintiff), Craig Sanders, Esq. (lead counsel for Barcroft), as well as Steven G. Edwards, Esq. (co-counsel for Plaintiff) and Jonathan M. Cader, Esq. (co-counsel for Barcroft). The issues discussed, which will be outlined further *infra,* included: (i) Barcroft's intention to request dismissal of the FAC; (ii) Barcroft's contentions regarding Rule 11 compliance arising from Plaintiff's filing of the FAC, which adds several allegations and revises others in light of the Court's dismissal of the initial Complaint; (iii) Barcroft's contention that Plaintiff has failed to establish subject matter jurisdiction for his newly added state law claims; (iv) Barcroft's contention that Plaintiff has failed to plead the existence of a fiduciary relationship, despite having added a cause of action alleging a breach of such relationship; and (v) Barcroft's contention that Plaintiff has failed

to plead damages for the non-federal question claims.

In the meet-and-confer, Barcroft expressed its belief that the amendments to the FAC did not resolve the Court's concerns that led to the dismissal of the first Complaint since it continues to allege that Valnet acted on its own (or, at least without Barcroft) at the time it directly infringed Plaintiff's copyrights. Barcroft further argued that the FAC does not add any factual predicate to show how Barcroft purportedly contributed to or encouraged Valnet's infringement. As a result, Defendant argued that Plaintiff did not cure the defect in its attempt to plead a claim for contributory copyright infringement.  With respect to Plaintiff's claim against Barcroft for vicarious infringement, Barcroft argued that the FAC does not add any factual predicate to show how Barcroft purportedly had any right or ability to control Valnet, to the degree necessary to establish a claim for vicarious infringement. As to the newly added claims for relief, Barcroft averred that these claims suffered from a subject matter jurisdictional defect and, with respect to the breach of fiduciary duty claim, Plaintiff had not pled the existence of a fiduciary relationship despite alleging a breach thereof.  As a result of the foregoing, counsel for Barcroft expressed a concern that the FAC was filed in violation of Fed. R. Civ. Pro. 11, since it did not change any of the allegations that the Court already deemed to be deficient.

In response, counsel for Plaintiff acknowledged that while there was a similarity between the pleadings, he nonetheless stated his belief that the additions and revisions to the FAC were sufficient to address the Court's concerns with respect to the secondary infringement claims. Specifically, Plaintiff's counsel noted that the additional and revised allegations in the FAC clarify the timeline of Barcroft's alleged misconduct.  Plaintiff's counsel also noted the FAC better described and clarified how Barcroft gained an ability to oversee and control Valnet's conduct through the retroactive license, that as a

condition of the license Barcroft had to assert that it owned or controlled the underlying images or rights, and that without that license Valnet's direct infringement would have ceased. Plaintiff's counsel further averred that the relationship between Plaintiff and Barcroft - whereby Barcroft acted as Plaintiff's agent in the United Kingdom and was allowed to license Plaintiff's photographs for use in the United Kingdom - as pled is sufficient to create a fiduciary relationship.

Plaintiff expressed its belief that the FAC addressed the Court's concerns with respect to Barcroft's secondary liability. Further, Plaintiff also asserts that the Court has federal question jurisdiction over Plaintiff's state law claims as they involve questions of ownership and the licensing of copyrights and supplemental jurisdiction as they are so related to the copyright claims at issue that they are part of the same case or controversy. In light of the additions and revisions to the allegations made in the Complaint, Plaintiff's counsel does not agree that there are any Rule 11 concerns with the FAC, particularly in light of Plaintiff's need to maintain its copyright allegations in order to preserve them for appeal, if necessary.

Because Plaintiff maintains that its FAC is sufficient to survive a motion to dismiss, counsel stated that no amendments are required. As a result, Barcroft contends that a motion to dismiss remains necessary.

DATE:  October 4, 2017       SANDERS LAW, PLLC
                             /s/ *Craig B. Sanders*
                             Craig B. Sanders, Esq.
                             *Counsel for Barcroft*

                             FAYER GIPSON LLP
                             */s/ Elliott Gipson*
                             Elliott Gipson, Esq.
                             *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 5, 2017.

DATE:  October 4, 2017       SANDERS LAW, PLLC
                             /s/ *Craig B. Sanders*
                             Craig B. Sanders, Esq.
                             *Counsel for Barcroft*

## CIVIL L.R. 5-4.3.4 ATTESTATION

I, Craig B. Sanders, hereby attest that Elliot B. Gipson, counsel for plaintiff Jeffrey Werner, concur in this filing's content and have authorized the filing.

DATE:  October 4, 2017       SANDERS LAW, PLLC
                             /s/ *Craig B. Sanders*
                             Craig B. Sanders, Esq.
                             *Counsel for Barcroft*