**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

Case No.   **CV 17-02644-JFW (AS)**                                        Date: November 21, 2017

Title:   Jeffery R. Werner -v- Barcroft Media, Ltd. et al.

---

**PRESENT:**
      **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

    **Shannon Reilly**                                       **None Present**
    Courtroom Deputy                                   Court Reporter

**ATTORNEYS PRESENT FOR PLAINTIFF:**      **ATTORNEYS PRESENT FOR DEFENDANTS:**
               None                                                           None

**PROCEEDINGS (IN CHAMBERS):**    **ORDER DENYING BARCROFT MEDIA, LTD.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT [Docket No. 46; filed 10/5/17]**

      On October 5, 2017 Defendant Barcroft Media, Ltd. ("Barcroft") filed a Motion to Dismiss Plaintiff Jeffery R. Werner's ("Plaintiff") First Amended Complaint ("FAC"). Plaintiff filed an Opposition on October 16, 2017. On October 23, 2017, Defendant filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found the matter appropriate for submission on the papers without oral argument. The matter was, therefore, removed from the Court's November 6, 2017 hearing calendar and the parties were given advance notice. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.    Background**

      Plaintiff is a photographer who has built a successful career investigating and researching unique subjects to photograph. Because of the uniqueness of his portfolio, Plaintiff has been able to successfully license his images. Plaintiff relies on income generated from licensing his photographs to make a living.

      Barcroft provides copyrighted images and videos to media clients around the world. Barcroft is headquartered in the United Kingdom ("UK") and has offices in the United States. In 2004, Plaintiff and Barcroft entered into an agreement which granted Barcroft the right to license and distribute Plaintiff's photographs only in the UK. In late 2013, Plaintiff informed Barcroft that he would be responsible for protecting his intellectual property and that he would directly handle any issues involving infringement of his copyrights without Barcroft's assistance.

Between March 10, 2009 and May 16, 2014, Plaintiff obtained valid copyright registrations for the eight sets of photographs that are at issue in this action. In 2015, Barcroft discovered that Defendant Valnet, Inc. ("Valnet")—a Canadian company that distributes images and video content through websites, YouTube, and social media to millions of users—was using several of Plaintiff's copyrighted photographs without Plaintiff's permission. Valnet owns and operates "theRICHEST" and "theTALKO" websites, which exploit photographic and video content gathered from the Internet by the company's employees and users. Both "theRICHEST" and "theTALKO" have associated YouTube channels, which also feature photographic and video content.

According to Plaintiff, Valnet initially infringed each of Plaintiff's eight copyrights beginning sometime in 2015 by featuring his copyrighted photographs on its websites and YouTube channels. Plaintiff also alleges that after Barcroft discovered Valnet was using Plaintiff's photographs without permission, Barcroft entered into a retroactive license without informing Plaintiff of the license. In addition, sometime thereafter, Barcroft and Valnet entered into another agreement allowing Valnet to access Barcroft's images and video content, which also included Plaintiff's photographs.

On April 6, 2017 Plaintiff filed this lawsuit against Barcroft and Valnet asserting a direct copyright infringement claim against Valnet and claims against Barcroft for contributory copyright infringement and vicarious copyright infringement. On August 15, 2017, Barcroft moved to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). On September 14, 2017, the Court granted Barcroft's motion, but gave Plaintiff leave to amend. On September 25, 2017, Plaintiff filed a First Amended Complaint alleging a direct copyright infringement claim against Valnet and claims against Barcroft for contributory copyright infringement, vicarious copyright infringement, breach of fiduciary duty, and common count. Barcroft moves to dismiss Plaintiff's FAC pursuant to Federal Rule of Civil Procedure 12(b)(6) and for lack of subject matter jurisdiction.

## II.   Legal Standard

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. "A Rule 12(b)(6) dismissal is proper only where there is either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Summit Tech., Inc. v. High-Line Med. Instruments Co., Inc.*, 922 F. Supp. 299, 304 (C.D. Cal. 1996) (quoting *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988)). However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted). "[F]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*

In deciding a motion to dismiss, a court must accept as true the allegations of the complaint and must construe those allegations in the light most favorable to the nonmoving party. *See, e.g., Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). "However, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations." *Summit Tech.*, 922 F. Supp. at 304 (citing *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981) *cert. denied*, 454 U.S.

1031 (1981)).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990) (citations omitted). However, a court may consider material which is properly submitted as part of the complaint and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201 without converting the motion to dismiss into a motion for summary judgment. *See, e.g., id.*; *Branch v. Tunnel*, 14 F.3d 449, 454 (9th Cir. 1994).

### III. Discussion

Barcroft argues that Plaintiff has failed to cure the defects the Court identified in its Order dismissing Plaintiff's Complaint [Docket No. 38] and, thus, its claims for contributory copyright infringement and vicarious copyright infringement fail as a matter of law. Barcroft also contends that the Court lacks subject matter jurisdiction over Plaintiff's state law claims because Plaintiff's federal copyright claims are untenable.

Plaintiff alleges in the FAC that "Plaintiff believes and understands that several of the copyrighted works referenced in the First Amended Complaint were obtained through, or with the assistance of, Barcroft. Specifically, Plaintiff believes Valnet had access to Defendant Barcroft's entire image and video library." FAC ¶ 91. At the motion to dismiss stage, the Court must accept all factual allegations pleaded in the FAC as true, and construe them and draw all inferences from them in favor of Plaintiff. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996); *Mier v. Owens*, 57 F.3d 747, 750 (9th Cir. 1995). Accordingly, the Court concludes that Plaintiff has pled sufficient facts to state a cognizable claim for contributory copyright infringement by alleging that Barcroft materially contributed to Valnet's alleged direct copyright infringement by supplying one or more of the copyrighted images infringed by Valnet. *See Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 795 (9th Cir. 2007) (stating that a plaintiff asserting a claim for contributory copyright infringement must plead facts showing the defendant "induced, caused, or materially contributed to the infringing conduct.").

The Court also concludes that Plaintiff has sufficiently pled a claim for vicarious copyright infringement. Plaintiff alleges in the FAC that Barcroft "represented that it had the full power and authority to grant the [retroactive] license, including the authority to license Plaintiff's photographs" and that, as a result of the license, Barcroft "implicitly or explicitly" controlled "the underlying content in order to validly issue or enter into the license." FAC ¶ 24. Plaintiff argues that these allegations demonstrate that Barcroft had the ability to control Valnet's infringing conduct by virtue of its claimed ownership and control of Plaintiff's photographs as a result of Barcroft's agreement with Plaintiff. *See also* FAC ¶ 18. Although the Court doubts whether Plaintiff will be able to prove that Barcroft had the requisite degree of control over Valnet necessary to demonstrate it had the right and ability to supervise Valnet's infringing activities, the Court concludes this issue, as well as the issue of whether Barcroft's alleged actions materially contributed to Valnet's direct copyright infringement, are more appropriately resolved on a motion for summary judgment.

Accordingly, the Court concludes that Plaintiff has sufficiently alleged claims for contributory

infringement and vicarious infringement against Barcroft in the FAC and, therefore, **DENIES** Barcroft's Motion to Dismiss the FAC.[1]

IT IS SO ORDERED.

---

[1] Because the Court concludes that Plaintiff has sufficiently alleged claims for contributory copyright infringement and vicarious copyright infringement in the FAC, Barcroft's argument that the Court lacks subject matter jurisdiction over Plaintiff's state law claims is moot. Accordingly, it is unnecessary for the Court to address that issue.